**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **SHERRY PAPA** | : | **CIVIL ACTION NO.** |
| | : | |
| **V.** | : | **JUDGE:** |
| | : | |
| **CAPITAL ONE,** | : | **MAGISTRATE:** |
| **NATIONAL ASSOCIATON** | : | **JURY DEMAND:** |

# COMPLAINT

Plaintiff, SHERRY PAPA, through undersigned counsel, brings this civil action against CAPITAL ONE, NATIONAL ASSOCIATION and represents the following:

## JURISDICTION

This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3), 28 U.S.C. Section 1331, and supplemental jurisdiction under 28 U.S.C. Section 1332 for state law claims asserted herein.

## PARTIES

1. Plaintiff is:

Sherry Papa ("Plaintiff"), a 48-year-old white female, of the full age of majority, who at the time of the initial filing of this lawsuit was a resident of the State of Louisiana, Caddo Parish, Louisiana.

2. Made Defendant herein is:

Capital One, National Association ("Capital One"), a National Banking Institution, organized under the laws of the State of Delaware, but doing business in the State of Louisiana, who may be served at 1680 Capital One Drive, McLean, VA, 22102.

3. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

4. The Defendant was the employer of the Plaintiff. Hereafter it is referred to collectively as the "Employer" or "Defendant."

## FACTUAL ALLEGATIONS

5. Plaintiff started working with the Defendant December 30, 1996. Her employment was terminated after nearly 22 years of service on January 3, 2019.

6. In 2016, Capital One closed several branches and laid off approximately 65 employees.

7. After working with Capital One for nearly two decades, Plaintiff was not laid off but was transferred from to a new branch (I-20 West) as a result of the 2016 restructure.

8. Plaintiff's new manager Ms. Angela Clardy ("Ms. Clardy"), a black or mixed race, individual had worked with Capital One for approximately 1 to 1.5 years.

9. When Plaintiff arrived at the I-20 West Branch, she was assigned by Ms. Clardy to the desk (platform) position, a position that was new to her and for which she had little experience.

10. Ms. Clardy immediately began discriminating against Plaintiff due to her race.

11. Ms. Clardy transferred four subordinate employees from Ms. Clardy's former North Market Branch location, all of whom were black, to the I-20 West Branch.

12. From this point on, Ms. Clardy and the four employees (Chris, Katherine, Chasity & Daphne) from the North Market Branch, engaged in racially discriminatory conduct against Plaintiff.

13. For example Plaintiff was rushed by Ms. Clardy to perform work, but the non-white employees could take 2 hours to assist a customer without reprimand.

14. Additionally, Plaintiff was not allowed to text Ms. Clardy or go into her office if the door was closed; however, other non-white employees were free to text Ms. Clardy and go into Ms. Clardy's office when the door was closed freely. Plaintiff was denied this form of communication with her manager.

15. Further, Ms. Clardy made several derogatory, inappropriate epitaphs, comments and unacceptable statements toward Plaintiff using racially derogatory epitaphs frequently in the public setting.

16. Several other white employees were also discriminated against by Ms. Clardy (such as Barbara Jones and Erin Fenmore) due to their race.

17. Ms. Clardy told the staff in a meeting that some employees had "RBF". Plaintiff inquired with another black employee what RBF meant who advised it stood for Resting Bitch Face. The RBF term was directed at white employees.

18. Plaintiff made friends with Shareeda Edwards, non-white employee. Ms. Clardy verbally advised Ms. Edward in Plaintiff's presence, that "she was making friends with trouble" (referring to Plaintiff).

19. Ms. Clardy interviewed job applicants based upon their looks and race, if she did not like what she saw, Ms. Clardy would leave the interview and force other employees to finish it so that the white applicants were not fairly considered.

20. By December of 2017, Plaintiff was extremely stressed and uneasy about going to work due to the racial discrimination she was experiencing. This continued for months.

21. In February 2018, Plaintiff made a complaint to Erin Brady of Human Resources about the racial discrimination she was experiencing.

22. Plaintiff was advised by Ms. Brady that her complaint would be confidential, and that there would be no retaliation. No action was taken to investigate Plaintiff's complaint or to provide Plaintiff any relief.

23. On April 3, 2018, Plaintiff spoke with Ms. Brady again to reassert, once again, her claim of race discrimination.

24. Plaintiff informed Ms. Brady that Ms. Clardy made several unprofessional and racially derogatory comments: to Plaintiff and two other non-white associates such as: (1) that she was tired of "F--king with you all."; (2) "Every time you come back here you f--k shit up (referring to log for credit cards)"; (3) "What goes on at this branch stays in this branch, don't talk to other branches employees."; (4) talking constantly about other associates and managers about how they suck up (Ms. Clardy would use her hands and tongue to perform an action of licking butt); (5) calling employee next to Plaintiff a negro/nigger out loud to come to her (Ms. Clardy); (6) texting Plaintiff to inform her that Plaintiff could not text from work but two other non-white employees (Katherine & Chris) could text or call Ms. Clardy to ask questions; (7) Ms. Clardy told Plaintiff if her door was shut that means Ms. Clardy was busy but non-white employees, (Katherine, Chris, and Chasity) could walk in and out with no problems or call her on the telephone but Plaintiff was not allowed. Plaintiff also informed Ms. Brady that Ms. Clardy subjected Plaintiff to closer scrutiny in the performance of her job duties than her similarly situated non-white comparators.

25. Following Plaintiff's Complaint to Ms. Brady, Plaintiff drove Daphne (last name unknown) home and shared that she believed Ms. Clardy was discriminating against her due to her race. Plaintiff mentioned to that she had reported race discrimination to Human Resources.

26. A few days later, Ms. Clardy called Plaintiff into the office, gave her a journal and asked Plaintiff to write down things in it that bothered her and to give it to her when she believed she was being discriminated against.

27. Plaintiff is not aware if any investigation was performed regarding her complaints of discrimination to Human Resources.

28. On January 3, 2019, Plaintiff's employment was terminated for reasons that were pretextual and untrue and were instead due to Defendant's discrimination against Plaintiff due to race and retaliation for her opposition to discrimination.

## CAUSES OF ACTION

29. The actions, conduct and procedures of Defendants complained of herein constitute purposeful discrimination against Plaintiff based upon her race and/or in retaliation for opposition to discrimination in violation of Title VII of the Civil Rights Act, as amended, codified under 42 U.S.C. 2000e, La. R.S. 23:301 *et. seq*., La. R.S. 51:2256 and La.R.S. 23:967.

30. Defendants' actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

31. Plaintiff has no adequate remedy at law for the harm she has suffered because of the discriminatory and retaliatory practices of Defendants set forth herein.

32. Because of the Defendants' actions, Plaintiff has been injured and has suffered or incurred damages and is entitled to recover statutory damages include compensatory damages,

back pay, benefits, special damages, reinstatement/front pay and reasonable attorney fees resulting from the illegal conduct in addition punitive damages due her.

33. Plaintiff filed a charge of discrimination with the Louisiana Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory and retaliatory employment practices described in this Complaint, and she has received her Notice of Right to Sue dated March 11, 2021, a copy which is attached hereinto as Exhibit "A". This Complaint is timely filed, and all administrative prerequisites have been met.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury as to all matters permitted by law.

## RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants, as set forth above, for:

a. An award of monetary damages for all claims, in an amount to be shown at trial;

b. An award of damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life and consequential loses;

c. An award for any and all legal and/or equitable relief, including attorney's fees and costs, to which she may be entitled and for all statutory (compensatory/punitive and liquidated) damages arising because of discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq;* La. R.S. 23:301 *et. seq.*, La. R.S. 51:2256 and La.R.S. 23:967.

d. An award for interest on any awards, at the highest rate allowed by law, from the date of judicial demand until the date paid;

e.        For trial by jury for those matters triable to a jury; and

f.        Such other and further relief as the Court finds equitable, just and proper.

          Respectfully submitted,

          DOWNER, JONES, MARINO & WILHITE
          401 Market Street, Suite 1250
          Shreveport, LA 71101
          Tel: 318-213-4444
          Fax: 318-213-4445

          Allison A. Jones, Bar No. 16990

          By:   */s/ Allison A. Jones*
          ATTORNEYS FOR PLAINTIFF