**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **SHERRY PAPA** | : | **CIVIL ACTION NO. 5:21-cv-01589** |
| | : | |
| **V.** | : | **JUDGE: Elizabeth E. Foote** |
| | : | |
| **CAPITAL ONE,** | : | **MAGISTRATE: Judge Mark Hornsby** |
| **NATIONAL ASSOCIATON** | : | **JURY DEMAND** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Respectfully Submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:_____*/s/ Allison A. Jones*__________
ATTORNEYS FOR PLAINTIFF

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. PLAINTIFF STATED ALL CLAIMS AS REQUIRED BY THE LIBERAL FEDERAL PLEADING STANDARDS ..... 1

A. Standard for Motions to Dismiss. ..... 1

B. Capital One Confuses FRCP 12(b)(6) With FRCP 56 – Plaintiff is Not Required to Pled a Prima Facie Case at the Pleading Stage. ..... 3

C. Plaintiff's Claims under the Title VII Were Adequately Pled by Plaintiff's Complaint. ..... 4

1. Plaintiff Has Adequately Pled Her Discrimination Claim. ..... 5

2. Plaintiff Has Adequately Pled Her Hostile Work Environment Claim. ..... 5

3. Plaintiff Has Adequately Pled Her Retaliation Claim. ..... 7

4. The Proffered Legitimate Business Reason for Its Discrimination or Retaliation is Improperly Considered for the 12(b)(6) Dismissal. ..... 9

D. Plaintiff's Claims Should Not be Dismissed Before Discovery is Completed. ..... 9

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases**

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) ............................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965 .................................................. 3

*Broderick v. Donaldson*, 437 F. 3d 1226, 1232 (D.C. Cir. 2006)................................................. 7

*Burlington v. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) ..................................................................................................................................... 7

*Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019)............................ 3, 9

*Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) ............................................................ 5

*Dorsey v. Portfolio Equities, Inc.*, 540 F. 3d 333, 338 (5th Cir. 2008) ......................................... 2

*EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 467 (5th Cir. 2006) ............................................................................................................................. 2

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) ............................................. 2

*Evans v. Houston*, 246 F. 3d 344, 354 (5th Cir. 2001) ................................................................ 8

*Frame v. City of Arlington*, 616 F. 3d 476, 481 (5th Cir. 2010).................................................... 2

*General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005).................................... 2

*Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) 3

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)...................................................................... 6

*Harvill v. Westward Commc'n,* LLC, 433 F.3d 428, 434 (5th Cir. 2005) ..................................... 6

*Kasten v. Saint-Gobain Performance Corp.*, 1131 S.Ct. 1325 (2011) .......................................... 7

*Lauderdale v. Tex. Dep't of Crim. Just., Inst. Div.,* 512 F.3d 157, 163 (5th Cir. 2007)................ 6

*Leal v. McHugh,* 731 F.3d 405, 415 (5th Cir. 2013) .................................................................. 8

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ...................................................... 3, 7

*Mota v. Univ. of Tex. Houston Health Sci. Ctr*., 261 F. 3d 512, 519 (5th Cir. 2001)................ 7

*Raj v. La. State Univ*., 714 F.3d 322, 331 (5th Cir. 2013) ........................................................... 4

*Richardson v. Prairie Opportunity*, 470 Fed. App'x 282, 2860287 (5th Cir. 2012) ...................... 8

*Septimus v. University of Houston*, 399 F. 3d 601, 609 (5th Cir. 2005) .................................. 5

*Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011) .................................................... 3

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) .......................................................... 4

*Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009)........................................... 6

*Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir.2007) (*per curiam*) .................................................... 2

*Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) ........................................... 8

*Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002)............................. 2, 9, 10

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534–35 (2013)................................... 8

*Woodard v. Andrus*, 419 F. 3d 348, 351 (5th Cir. 2005) ............................................................... 2

*Woods v. Delta Beverage Grp., Inc*., 274 F.3d 295, 298 (5th Cir. 2001) ...................................... 6

**Statutes**

42 U.S.C. §1981 ............................................................................................................................ 6

42 U.S.C. §2000e-2(a)(1) ............................................................................................................... 6

42 U.S.C. §2000e-2(m) .................................................................................................................. 7

42 U.S.C. Section 2000e-3(a) ........................................................................................................ 9

Title VII. 42 U.S.C. 2000(e)-3(a)................................................................................................... 6

**Rules**

FRCP 12(b)(6) ................................................................................................................. 1, 4, 11

*FRCP 56*......................................................................................................................................... 4

FRCP 8(a)(2)............................................................................................................................. 2, 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **SHERRY PAPA** | : | **CIVIL ACTION NO. 5:21-cv-01589** |
| | : | |
| **V.** | : | **JUDGE: Elizabeth E. Foote** |
| | : | |
| **CAPITAL ONE,** | : | **MAGISTRATE: Judge Mark Hornsby** |
| **NATIONAL ASSOCIATON** | : | **JURY DEMAND** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

Defendant Capital One, National Association (hereinafter, "Defendant" or "Capital One") has filed a 12(b)(6) Motion to Dismiss ("Motion") and argues that the claims of Plaintiff, Sherry Papa ("Ms. Papa" or "Plaintiff"), should be dismissed. For all of the reasons set forth herein, Plaintiff contends that Capital One's Motion should be denied in its entirety. ~~it is entirety.~~

This is a case about Ms. Papa, and her allegations that Capital One has violated employment laws. Nothing else is at issue in this litigation. Plaintiff has alleged and is entitled to have the opportunity to conduct discovery and to prove her claims of illegal conduct.

## II. PLAINTIFF STATED ALL CLAIMS AS REQUIRED BY THE LIBERAL FEDERAL PLEADING STANDARDS

### *A. Standard for Motions to Dismiss.*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FRCP 12(b)(6). On a Rule 12(b)(6) motion the Court is required to "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F. 3d 333, 338 (5th Cir. 2008)

(quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir.2007) (*per curiam*). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FRCP 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007); *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005) (quoting FRCP 8(a)(2)). In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a *prima facie* case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002). In other words, **"[s]*pecific facts are not necessary***; the statement need only 'give the defendant fair notice of what the … claim is and the ground upon which it rests." *Erickson*, 551 U.S. at 93, 127 S.Ct. at 2200 (emphasis added). *See also Posey,* 415 F. 3d at 396. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998. "The complaint must be liberally construed, *with all reasonable inferences drawn in the light most favorable to the plaintiff." Frame v. City of Arlington*, 616 F. 3d 476, 481 (5th Cir. 2010) (emphasis added); *Woodard v. Andrus*, 419 F. 3d 348, 351 (5th Cir. 2005). The claimant is not required to parse the factual allegations into individualized elements of a claim. *Posey*, 415 F. 3d at 396, n. 5; *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 467 (5th Cir. 2006).

Capital One relies upon the *Twombly* decision and contends that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *supra, Twombly,* at U.S. 544 (2007). Importantly, however, *Twombly* did not overrule *Swierkiewicz*. *See, Twombly*, 550 U.S. at 569. Moreover, a claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See, Twombly, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.

Simply put, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). Under the Federal Rules of Civil Procedure, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." FRCP 8(a)(2) generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1296 (2011). As shown below, Plaintiff has satisfied the pleading requirements such that CAPITAL ONE's Motion should be denied.

### *B.* **Capital One *Confuses FRCP 12(b)(6) With FRCP 56 – Plaintiff is Not Required to Pled a Prima Facie Case at the Pleading Stage.***

The fundamental flaw in the Capital One Motion is that Capital One confuses the plausibility pleading standard of *Twombly/Iqbal* with the evidentiary standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its burden shifting analysis required for summary judgment analysis. Such confusion has recently been addressed by the Fifth Circuit in *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). In *Cicalese*, Judge Duncan, writing for the Fifth Circuit made an effort to clarify the respective analysis required under each rule. In doing so, the Fifth Circuit clarified that under the *Twombly/Iqbal* pleading standard, a complaint must only "state a claim to relief that is plausible on its face," which differs, of course, from the *McDonnell Douglas* standard, which "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment

cases." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). *See, Cicalese, supra* at 766. The Fifth Circuit further noted that the Supreme Court has distinguished the *McDonnell Douglas* evidentiary standard from pleading requirements, and, thus, both the Supreme Court and the Fifth Circuit have specifically reiterated many times that "a plaintiff need not make out a *prima facie* case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cicalese, supra* at 766, citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). The Fifth Circuit, thus, held in *Cicalese*, *supra*, that "a district court therefore errs by requiring "a showing of each prong of the *prima facie* test for disparate treatment at the pleading stage[.]"

Capital One's misunderstanding of these two separate analyses is the fundamental flaw of Capital One's Motion which relies heavily on the citation of cases many of which deal with summary judgments - none of which have any relevance at this stage of litigation. The one dismissal case relied upon significantly, *Whitlock v. Lazer Spot, Inc.*, 656 Fed. Appx 284 (5th Cir. 2016) is a 2016 unpublished opinion which clearly states that it should not be relied upon for precedence and which is factually distinguishable from the instant case. Clearly, then, the Capital One Motion should be denied in its entirety.

### *C. Plaintiff's Claims under the Title VII Act Were Adequately Pled by Plaintiff's Complaint.*

Title VII of the Civil Rights Act prohibits an employer from refusing to hire or to discharge "any individual, or otherwise to discriminate against any individual" based on his or her race. 42 U.S.C. §2000e-2(a)(1). Title VII also further states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has made a charge" under Title VII. 42 U.S.C. 2000(e)-3(a). The purpose of the Civil Rights Act is clear: the rights afforded by the United States apply to all persons in the United States, and no

person can impair them. *See* 42 U.S.C. §1981.

***1. Plaintiff Has Adequately Pled Her Discrimination Claim.***

Assuming, arguendo, that it is necessary at this stage of litigation to plead a *prima facie* case, (and the same is denied by Plaintiff), Plaintiff has clearly adequately pled the same for race discrimination. A *prima facie* case of race discrimination requires a plaintiff to show "that she 1) is a member of a protected class; 2) was qualified for her position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably." *Septimus v. University of Houston*, 399 F. 3d 601, 609 (5th Cir. 2005). A plaintiff need only show that the protected trait was a motivating factor and "need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that "race, color, religion, sex, or national origin was a motivating factor for any employment practice."" *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003)(quoting 42 U.S.C. §2000e-2(m)).

Here, the Complaint alleges that Plaintiff is a white, and, thus, a member of a protected class.[1] She was qualified for her position and was subjected to an adverse employment action (at a minimum her employment was terminated)[2]. The Complaint further alleges that Plaintiff was treated differently than her similarly situated African American comparators.[3] Plaintiff has clearly pled a *prima facie* case of race discrimination.

***2. Plaintiff Has Adequately Pled her Hostile Work Environment Claim.***

In order to establish a hostile work environment claim, the plaintiff must demonstrate: (1) she is a member of a protected group; (2) she was the victim of uninvited harassment; (3) the

---

1 R. 1. Par. 1.
2 R. 1. Par. 28.
3 R. 1. Par. 14-20

harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. See *Woods v. Delta Beverage Grp., Inc*., 274 F.3d 295, 298 (5th Cir. 2001). To affect a term, condition, or privilege of employment, the harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment. See *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009). This depends on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harvill v. Westward Commc'n,* LLC, 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Importantly, the severe or pervasive standard is stated in the disjunctive, as a plaintiff need not demonstrate both are present. See *Id*. at 434-35 (collecting cases). It follows logically that the required showing of severity varies inversely with the pervasiveness of the conduct. See *Lauderdale v. Tex. Dep't of Crim. Just., Inst. Div.,* 512 F.3d 157, 163 (5th Cir. 2007). These are fact intensive determinations, and discovery (and or amendment) should be allowed before the drastic act of dismissal of claims.

Here, the Complaint alleges that Plaintiff is white, and, thus, a member of a protected class.[4] She was qualified for her position and was subjected to an adverse employment action (at a minimum her employment was terminated)[5]. The Complaint further alleges that Plaintiff was subjected to harassing conduct, including being subjected to racial epithets, which continued for months.[6] Plaintiff has clearly pled a *prima facie* case of hostile work environment.

4 R. 1. Par. 1.

5 R. 1. Par. 28.

6 R. 1. Par. 14-20

### *3. Plaintiff Has Adequately Pled Her Retaliation Claim.*

Assuming, arguendo, that it is necessary at this stage of litigation to plead a *prima facie* case, (and the same is denied by Plaintiff), Plaintiff has clearly adequately pled the same for retaliation. To establish a *prima facie* case of retaliation, a plaintiff must show "(1) [s]he engaged in protected activity, as described in Title VII; (2) [s]he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action." *Mota v. Univ. of Tex. Houston Health Sci. Ctr*., 261 F. 3d 512, 519 (5th Cir. 2001).

"Protected activity" includes making a charge of discrimination or retaliation in the opposition to the same. 42 U.S.C. Section 2000e-3(a).[7] An "adverse employment action" is one that could dissuade a reasonable worker from making a charge of discrimination. *Burlington v. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). All of the complained of actions of Plaintiff clearly meet these standards.

Plaintiff's Complaint asserts that she engaged in the protected activity of complaining of race discrimination.[8] Plaintiff's Complaint further asserts that Plaintiff was subjected to adverse actions, including, but not limited to disciplinary actions and the termination of her employment.[9] Indeed, Capital One's Motion does not seem to contest these facts. Rather, Capital One alleges that Plaintiff cannot show any causal connection between her alleged complaints about unfair

---

[7] The Fifth Circuit has defined protected activity as "opposition to any practice rendered unlawful…., including making a charge, testifying, assisting, or participating in any investigation, proceedings, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). To invoke the anti-retaliation provisions, an employee's complaint must communicate merely in some way that there is unlawful discrimination. *Broderick v. Donaldson*, 437 F. 3d 1226, 1232 (D.C. Cir. 2006) (no "magic words" are required), *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) at p. 805 ("an informal complaint by an employee attempting to protest or correct allegedly discriminatory conditions of employment is sufficient"). This principle was recently reaffirmed in the Supreme Court's decision of *Kasten v. Saint-Gobain Performance Corp.*, 1131 S.Ct. 1325 (2011) (oral complaints under the Fair Labor Standards Act are sufficient as to conclude otherwise would "discourage the use of informal workplace grievance procedures").

[8] R. 1, Par. 21

[9] R. 1, Par. 28

employment practices or discriminatory or retaliatory behavior as alleged in her lawsuit." Such an inquiry is simply improper at the pleadings stage of litigation as Plaintiff has clearly alleged a plausible claim and given fair notice of the same to Capital One. Notwithstanding this fact, the Complaint, however, is clear in pleading the timeline that Plaintiff engaged in the protected activity of opposing discrimination only a few months before her employment was terminated.[10]

The Fifth Circuit has long recognized that a temporal connection can be sufficient to satisfy a causal connection. See *Evans v. Houston,* 246 F. 3d 344, 354 (5th Cir. 2001) (noting that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes"). Such temporal connection is well accepted proof of an unlawful motive. See, e.g. *Richardson v. Prairie Opportunity*, 470 Fed. App'x 282, 2860287 (5th Cir. 2012) (just less than two months between the complaint and employment action is indicative of a causal connection). In *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citation omitted), the Fifth Circuit has held that "[c]lose timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a *prima facie* case of retaliation."

Moreover, contrary to the assertions of Capital One, Plaintiff does not rely on the temporal connection alone. In this case, Plaintiff alleges that the decision-makers were all aware of her complaints of and opposition to racial discrimination.[11] This knowledge combined with the close temporal connection, satisfies the *prima facie* case, ***particularly at the pleading stage of litigation.***[12]

---

10 R. 1. Par. 23

11 R. 1, Par. 21-28

12 Plaintiff concedes that the standard for determining causation in Title VII retaliation cases is the "but for" standard. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534–35 (2013). However, Plaintiff reminds the Court that "but for" does not mean "sole cause" *Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013). Rather, an employer may be liable under Title VII if other factors contributed to its taking adverse action as long as the

***4. The Proffered Legitimate Business Reason for Its Discrimination or Retaliation is Improperly Considered for the 12(b)(6) Dismissal.***

In attempting to dismiss Plaintiff's claims, Capital One alleges that it had a legitimate business reason for the termination of Plaintiff's employment. Such an assertion, once again, demonstrates Capital One's confusion regarding FRCP 12(b)(6) dismissal and summary judgment. The heightened pleading standard, as Capital One asserts is required, has expressly been rejected by the United States Supreme Court in employment discrimination cases because the court recognizes that discovery might uncover direct evidence of discrimination. *Swierkiewicz, supra*. at 511-512. The Supreme Court observed: "It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id* at 511-512. Clearly, at this stage of the litigation, Plaintiff has properly pled her discrimination and retaliation claims without the necessity of alleging direct evidence. Furthermore, as the Fifth Circuit has recently admonished the plausibility pleading standard does not require this type of evidentiary pleading. *Cicalese, supra* at 766. As such, Capital One's Motion should be denied.

***D. Plaintiff's Claims Should Not be Dismissed Before Discovery is Completed.***

Capital One's Memorandum categorizes Plaintiff's claims under the Title VII Act into the following categories: discrimination, hostile work environment and retaliation and requests that the court segregate these claims and dismiss those that Capital One asserts are not valid for discrimination claims, but are valid for the retaliation claims and vice versa. However, Plaintiff respectfully submits that Capital One attempts to categorize and dismiss these claims without the benefit of discovery and the full factual record is premature and not proper on a Motion to Dismiss.

---

protected activity was the factor that made a difference. *Id*. Such a determination is clearly a fact issue, and should never be made at the pleading stage of litigation.

See *Swierkiewicz, supra* ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required *prima facie* case in a particular case. Given that the *prima facie* case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases"). Therefore, Plaintiff respectfully requests that she be allowed sufficient time to conduct discovery in accordance with the Scheduling Order issued by this Court before any of her claims are dismissed.

## III. CONCLUSION

Based upon the above and foregoing, Plaintiff has clearly satisfied the federal pleading requirements and should be allowed to proceed with these claims. Capital One's Motion should be denied *in toto*. Plaintiff adequately pled all claims and need not plead the detailed factual allegations insisted by Capital One. Alternatively, and only to the extent this honorable Court deems Plaintiff's Complaint to be deficient, Plaintiff requests a leave to amend her Complaint for a period of ten days following any ruling by this Court. Plaintiff further prays for all other relief to which she may be entitled.

Respectfully Submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: *\/s/ Allison A. Jones*
ATTORNEYS FOR PLAINTIFF