IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHERRY PAPA, ) | |
|         Plaintiff ) | Case No. 5:21-CV-01589 |
| v. ) | |
| ) | Judge Elizabeth E. Foote |
| CAPITAL ONE, ) | |
| NATIONAL ASSOCIATION ) | Magistrate Judge Mark L. Hornsby |
| ) | |
|         Defendant. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF
RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Capital One, National Association ("Defendant"), through undersigned counsel, respectfully submits this Reply Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (the "Motion") (R. Doc. 5) and in response to Plaintiff's Opposition to Defendant's Motion (R. Doc. 11).

**I.    OVERVIEW**

Defendant explained in its Motion that the Complaint fails to plead a plausible claim of unlawful treatment, hostile work environment, and retaliation under Title VII. Specifically, Plaintiff identifies no facts that connect the claims of racial discrimination and retaliation to the *only* tangible employment action identified in her Complaint – her termination. Instead, Plaintiff's Complaint only contains allegations of minor slights and insulting comments unrelated to Plaintiff's race, which are insufficient as a matter of law to rise to the level of hostile work environment. At best, Plaintiff's Complaint recites the legal elements of her claims and then fills the remainder of the Complaint with salacious facts about her former supervisor's

unprofessionalism untethered to her legal causes of action. Such assertions are legally insufficient because Title VII is not a "civility code."[1]

Plaintiff opposed Defendant's Motion by urging that: (1) Defendant was attempting to require her to prove a *prima facie* case, a standard more apt under Rule 56 of the Federal Rules of Civil Procedure; (2) Plaintiff adequately pled her discrimination, hostile work environment, and retaliation claims; (3) Defendant improperly proffered a legitimate business reason that should not be considered at this stage; and, (4) Plaintiff's claims should not be dismissed before discovery is allowed. Plaintiff premises her argument on a mischaracterization of Rule 12(b)(6) and its jurisprudence. This argument is based on her wishful thinking that Defendant is confused about the applicable legal standard. Further, Plaintiff's Opposition fails to address the deficiencies of her Complaint. Plaintiff also incorrectly claims she need not plead the elements of her claims and can just wait for discovery. Finally, Plaintiff cites to her insufficient allegations without explanation and fails to address various insufficiencies identified by Defendant's Motion. For these reasons and those provided in R. Doc. 5, Plaintiff's Complaint remains deficient and this Court should grant this Motion.

## II. LAW & ARGUMENT

### A. Although Plaintiff is Not Required to Demonstrate Each Prong of a *Prima Facie* Case, Plaintiff Must Plead More than Mere Speculation to Satisfy the Plausibility Standard.

Defendant acknowledges that the correct standard at the dismissal stage is plausibility and that a district court errs "by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework[.]"[2] However, Plaintiff's Opposition appears to argue that a threshold for plausibility that would allow any plaintiff to satisfy by reciting speculative and conclusory allegations. This is not the law. A plaintiff must plead more than mere

---
[1] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).
[2] *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

speculation, namely sufficient facts on all of the ultimate elements of her claim to make a plausible case thus, entitling her to discovery.[3]

Plaintiff's Opposition cites to *Swierkiewicz v. Sorema N.A.*, which states that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits" and that a plaintiff is not required to demonstrate a *prima facie* case at the dismissal stage.[4] Defendant has not based its Motion on the lack of a *prima facie* case.  While Plaintiff correctly states that *Twombly/Iqbal* did not overrule *Swierkiewicz*, the Supreme Court did make clear in those decisions that, "[f]actual allegations <u>must</u> be enough to raise a right to relief above the speculative level."[5] Consequently, the Fifth Circuit has made clear that courts properly evaluate a plaintiff's discrimination allegations in light of the required *prima facie* elements to determine whether the plaintiff satisfied *Twombly* and *Iqbal* in a complaint by pleading "enough facts to state a claim to relief that is plausible on its face."[6]

### B. Plaintiff Failed to Plausibly Plead Facts in Support of the Ultimate Elements of a Disparate Treatment Claim.

Thus, in order to satisfy the plausibility standard, a plaintiff must still plead the ultimate elements of such a claim.  For a disparate treatment claim, the required "ultimate elements" are: "(1) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'"[7] Plaintiff must allege facts (not conclusions or legal recitations) that support an inference that Plaintiff's unlawful treatment is related to her race.  She has not done so.

For example, in *Raj v. La. State Univ.*, the Fifth Circuit determined that the plaintiff failed to state a claim for disparate treatment under Title VII.[8]  In *Raj*, the plaintiff, a professor at

---

[3]   *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470-71 (5th Cir. 2016) (citations omitted).
[4]   *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002).
[5]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[6]   *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (quotations omitted); se*e also Raj v. Louisiana State Univ.,* 714 F.3d 322, 331 (5th Cir. 2013); *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009).
[7]   *Cicalese*, 924 F.3d at 767.
[8]   *Raj v. Louisiana State Univ*., 714 F.3d 322, 331 (5th Cir. 2013).

Louisiana State University ("LSU") alleged discrimination based on his race, religion, national origin, age, and gender.[9] The district court dismissed the plaintiff's claims under Rule 12(b)(6) for failure to allege facts on which relief could be granted.[10] In affirming the district court, the Fifth Circuit reasoned that the plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest defendant LSU's actions were based on plaintiff's race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably."[11] Here the Complaint does not assert facts supporting unlawful treatment directed at Plaintiff or that others were treated more favorably; to the contrary, the Complaint indicates mistreated everyone, regardless of race. Because the plaintiff did not raise his right to relief above the speculative level, the Fifth Circuit affirmed the district court's dismissal under Rule 12(b)(6) for failure to state a claim.[12]

Here, Plaintiff has not plausibly shown that she was treated differently than other employees because of her race (White). The only adverse employment action identified in the Complaint is her termination, which is explained in a single paragraph that cites no facts supporting an unlawful reason for that termination.[13] By noting her fatal failure to allege legally sufficient facts to support the elements of her claims, Defendant demonstrates that Plaintiff did not —and cannot—allege "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] Accordingly, Plaintiff failed to allege facts

---

[9]  *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Relying on conclusions, Plaintiff merely asserts that "On January 3, 2019, Plaintiff's employment was terminated for reasons that were pretextual and untrue and were instead due to Defendant's discrimination against Plaintiff due to race and retaliation for her opposition to discrimination." (R. Doc. 1, ¶ 28). *See Broussard v. Lafayette City-Par. Consol. Gov't*, 45 F. Supp. 3d 553, 578 (W.D. La. 2014) (holding that conclusory allegations are insufficient to support a plausible claim of discrimination or retaliation under Title VII).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

sufficient to state a claim of race discrimination under the appropriate pleading standard set forth in *Twombly/Iqbal* and its progeny.

      **C.**      **Plaintiff's Opposition Wholly Ignores the Pleading Deficiencies Outlined in Defendant's Motion to Dismiss.**

Plaintiff failed to address in her Opposition the Complaint's pleading deficiencies identified by Defendant in its Motion related to her claims of hostile work environment and retaliation. Instead of addressing the deficiencies outlined in Plaintiff's Motion, Plaintiff doubles down on her conclusory allegations or mischaracterizes the Complaint's allegations.

      **1.**      **Plaintiff Has Still Failed to Identify Any Facts in Her Complaint That Defendant Subjected Her to a Hostile Work Environment *Because of Her* Race.**

As evidenced by its Motion, Defendant was initially unclear whether Plaintiff was even asserting a hostile work environment claim, due to the deficiencies in the Complaint. (R. Doc. 5, p. 10). However, Plaintiff's Opposition clarifies that she is indeed asserting such a claim. (R. Doc. 11, pp. 5-6). Nevertheless, Plaintiff's Opposition fails to identify any particular facts in the Complaint supporting that her hostile work environment claim was based on **her** race.

To establish a claim of hostile work environment under Title VII, Plaintiff must demonstrate that she: (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on her race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[15] Although proving a *prima facie* case is not required, courts have appropriately considered whether a plaintiff can plausibly plead the *prima facie* elements in order to evaluate dismissal.[16]

---

[15] *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002).
[16] *Evans Rhodes v. Nw. Diagnostic Clinic, P.A.*, 2013 WL 5603003, at *3 (S.D. Tex. 2013) (internal quotation marks omitted).

Instead of addressing the deficiencies outlined in the Motion, Plaintiff refers to the allegations in the Complaint, which just compounds the problem. Plaintiff's Opposition states that "[t]he Complaint further alleges that Plaintiff was subjected to harassing conduct, including being subjected to racial epithets, which continued for months" and cites to paragraphs 14-20 of the Complaint. (R. Doc. 11, p. 6, n. 6). As explained in the Motion and not addressed in the Opposition, these allegations are peculiar, because the Complaint lists seven different statements (or types of statements) allegedly made by Ms. Clardy, none of which are racially derogatory epithets directed at the Plaintiff or regarding Plaintiff's race. (R. Doc. 1, ¶¶ 14-20). Ms. Clardy allegedly accused a group of employees of having a "Resting Bitch Face;" she described Plaintiff as "trouble" to another employee; she told the employees she was tired of "f---king with you all;" she told them they tended to "f---k shit up;" she told them not to talk about the branch to other branches; she said that other associates would "suck up" (and mimed butt licking); and, she called another employee the "n-word." (R. Doc. 1, ¶¶ 17, 18 & 24).

None of these allegedly unprofessional and inappropriate statements relate to Plaintiff's race, White, in any way. Moreover, only one of the statements (about being "trouble") was directed specifically at the Plaintiff. Again *Raj* is instructive, Raj's complaint repeatedly and conclusorily averred that the defendant's actions were "pretextually" premised on his failure to obtain grant funding, but he did not allege any facts that link the alleged harassment with his race or national origin.[17] Because Raj did not allege any connection between his protected status (*i.e.,* race and national origin) and the harassment alleged in the complaint, the Fifth Circuit found that he did not plead a claim of hostile work environment that raised his right to relief "above the speculative

---

[17] *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

level."[18]  Under *Raj,* Plaintiff has not plead enough to go forward.  She has not plausibly pled a hostile work environment claim beyond these speculative allegations that are unrelated to her race.

### 2. Plaintiff Provides No Factual Basis that Her Termination Was Retaliatory Because She Does Not Provide Any Reason for Termination or Why it Was Allegedly Pretextual.

Plaintiff has not plausibly alleged retaliation because she has alleged no facts to show a causal link between her termination and her complaint of discrimination.  Plaintiff's Complaint does not allege any facts about her termination and the temporal proximity standing alone is insufficient.

Plaintiff's Opposition claims that it is "clear in pleading the timeline that Plaintiff engaged in the protected activity of opposing discrimination *only a few months* before her employment was terminated," and cites to paragraph 23 of the Complaint. (R. Doc. 11, p. 8). This argument is misleading as to the timeline set forth in the Complaint.  Paragraph 23 of the Complaint states that she spoke with HR on April 3, 2018. (R. Doc. 1, ¶ 23).  Plaintiff explicitly alleges that her employment was not terminated until January 2019, more than **8 months after** her complaint to HR. (R. Doc. 1, ¶ 28).  Despite arguments of counsel to compress the timeline, this temporal proximity of over 8 months is insufficient as a matter of law without additional factual allegations that do not appear in the Complaint.[19]

Plaintiff's Opposition states that, "[i]n this case, Plaintiff alleges that the decision-makers were all aware of her complaints of an opposition to racial discrimination." (R. Doc. 11, p. 8). This argument is not supported by the Complaint (¶¶ 21-28), which do not in any way discuss such knowledge as being related to the termination – the only adverse employment action in the Complaint.  Instead, Paragraphs 21-28 of the Complaint discuss Plaintiff's alleged reporting to

---

[18]  *Id.*
[19]  *See, e.g., Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002) (finding that a period of five months was insufficient to establish causal link between the employee's protected activity and the adverse employment action under Title VII)..

7

Human Resources, but nowhere in the Complaint does Plaintiff state that this report resulted in her termination. Specifically, in Paragraph 28 of the Complaint, Plaintiff alleges that she was "terminated for reasons that were pretextual and untrue"[20] and that it was retaliatory but she never says that she was terminated for speaking with HR. Paragraph 28 is a naked assertion of a legal conclusion and does not support an inference of retaliation.[21]

In conclusion, the temporal proximity in this case is not sufficient on its own. And Plaintiff provides no factual basis for the Court to conclude that her termination was retaliatory because she does not provide the reason for her termination or the reason that she believes it was pretextual or false. In fact, her Opposition is silent as to why she is alleging pretext in this case. Plaintiff's Complaint and Opposition offer no facts identifying the supposedly "untrue" reason for her termination and fail to identify any facts suggesting pretext.[22] Thus, Plaintiff's claims are too bare bones to survive even the relatively low bar of plausibility set forth in *Twombly/Iqbal* analysis and its progeny in the Fifth Circuit.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint on the grounds that her claims do not satisfy the plausibility standard required by this Court. Alternatively, this Court should direct Plaintiff to amend her Complaint to cure the deficiencies outlined in Defendant's Motion.

---

[20] Because the Fifth Circuit requires factual matter that suggests a retaliation claim is plausible, *Chhim v. Univ. of Texas at Austin,* 836 F.3d 467, 472 (5th Cir. 2016), identifying facts connoting pretext or falsity would be adequate. But as there are none, this claim should be dismissed.

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[22] *See Hernandez v. Tiendas Cuadra US LLC,* No. CV H-19-269, 2019 WL 2344726, at *3 (S.D. Tex. June 3, 2019) (dismissing plaintiff's retaliation claim because plaintiff failed to allege "facts supporting a plausible inference that the company's reports of inventory loss were a discriminatory practice or pretext for illegal discrimination.").

/s/ Andrew P. Burnside
Andrew P. Burnside (LA Bar No. 14116)
Ellen C. Rains (LA Bar No. 36927)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Ste. 3500
New Orleans, LA 70139
Telephone:  (504) 648-2612
drew.burnside@ogletreedeakins.com
ellen.rains@ogletreedeakins.com

*Attorneys for Capital One, National Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on 21st day of September a copy of the foregoing has been served on the following counsel of record via CM/ECF:

Allison A. Jones, Esq.
Downer, Jones, Marino & Wilhite
401 Market Street, Suite 1250
Shreveport, LA  71101

/s/ Andrew P. Burnside
ANDREW P. BURNSIDE

48647085.1

9