UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHERRY PAPA | CIVIL ACTION NO. 21-1589 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| CAPITAL ONE NATIONAL ASSOCIATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Plaintiff Sherry Papa ("Papa"), a former employee of Capital One, National Association ("Capital One"), brings claims of discrimination against Capital One under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law ("LEDL"). Papa claims she was discriminated against on the basis of her race, retaliated against for engaging in a protected activity, and subjected to a hostile work environment. Capital One moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). Record Document 5. For the following reasons, Capital One's Motion is **DENIED**, but Papa is ordered to file an amended complaint by **April 8, 2022**.

**FACTUAL AND PROCEDURAL BACKGROUND**

At all relevant times, Papa, a white woman, worked at a Capital One branch in north Louisiana. Record Document 1 at 2. Angela Clardy ("Clardy") was a manager at the branch and served as Papa's direct supervisor. Id. During Papa's employment, she alleges that Clardy, a Black woman, subjected her to persistent abuse and treated her less favorably than other Capital One employees, many of whom were non-white. Id. Papa's petition also alleges that Clardy used racially derogatory language in public and directed offensive comments toward Papa and her co-workers. Id. at 3−4. For months,

the abusive environment Clardy allegedly created caused Papa to feel "stressed and uneasy about going to work." Id. at 3.

In response to Clardy's alleged mistreatment, Papa filed a complaint with Capital One's human resources department in February 2018.  Id.  After Papa filed the complaint, she alleges that Capital One took no steps to investigate Clardy's misconduct.  Id. Unsatisfied with the inaction, Papa complained again two months later in April 2018.  Id. Shortly thereafter, Clardy called Papa into her office, gave her a journal, "and asked [Papa] to write down things in it that bothered her and to give it to [Clardy] when she believed she was being discriminated against."  Id. at 5.  In January 2019, Papa was fired for reasons that she believes were pretextual and untrue.  Id.  Papa timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter.  Record Document 1-2 at 1.  Papa filed the complaint in this action and alleged violations of Title VII and the LEDL.  Record Document 1 at 5.  Capital One submitted a motion to dismiss arguing that Papa is unable to state Title VII claims upon which relief can be granted.  Record Document 5.  Papa opposes the motion. Record Document 11.

## LAW AND ANALYSIS

### I.     Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII.  See Swierkiewicz v. Sorema N.A., 534 U.S.

506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

## II. Analysis

Papa alleges Capital One discriminated against her on the basis of her race, retaliated against her after she complained about this discrimination, and subjected her to an environment charged with racial animus. As noted above, she brings state law claims under the LEDL and federal law claims under Title VII. The Court will analyze all of Papa's employment discrimination claims under the same standard. See Turner v. Kan. City S. Ry. Co., 675 F.3d 887, 891 n.2 (5th Cir. 2012).

### A. Discrimination Claim

First, Papa alleges she suffered disparate treatment while employed at Capital One. Title VII precludes employers from discriminating against "any individual" based on his or her "race, color, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss, Papa must plead two elements to state a disparate treatment claim: (1) "an adverse employment action, (2) taken against [her] because of her protected status." Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 767 (5th Cir. 2019).

At the outset, therefore, Papa must allege an adverse employment action. In discrimination cases, "[a]dverse employment actions are ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating." Stroy v. Gibson, 896 F.3d 693, 699 (5th Cir. 2018) (quotation omitted). A review of Papa's petition reveals she alleges one such action—her termination. She devotes a single sentence to her discharge in the last line of her factual allegations:

> On January 3, 2019, Plaintiff's employment was terminated for reasons that were pretextual and untrue and were instead due to Defendant's discrimination against Plaintiff due to race and retaliation for her opposition to discrimination.

Record Document 1 at 5.

Having alleged an adverse employment action, Papa must next plead facts that establish a link between her termination and the alleged discrimination she suffered while employed at Capital One. Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013). To establish a causal link, Papa points to the disparate treatment she claims she experienced on the basis of her race. Papa's petition alleges, for example, that Black employees could text and walk into Clardy's office whenever they pleased, while Papa was not allowed to use her phone or enter Clardy's office when the door was closed. Record Document 1 at 3. Papa also claims that Clardy closely monitored and scrutinized her performance and rushed her to complete relevant job tasks. Id. at 4. According to Papa, Clardy did not apply the same scrutiny nor exhibit the same impatience when dealing with Capital One's other non-white employees. Id.

Alleging that an employer "treated similarly situated employees of other races . . . more favorably" is a recognized method of establishing causation in the employment discrimination context. Raj, 714 F.3d at 331. "The 'similarly situated' prong requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more favorably 'under nearly identical circumstances.'" Alkhawaldeh v. Dow Chem. Co., 851 F.3d 422, 426 (5th Cir. 2017) (quoting Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009)). On a motion to dismiss, however, the Fifth Circuit has instructed district courts to refrain from scrutinizing whether a plaintiff's fellow employees were "really" similarly situated. Cicalese, 924 F.3d at 768. Even so, a plaintiff must still allege sufficient facts to "nudge their claims across the line from conceivable to plausible." Id. at 768 (quoting Twombly, 550 U.S. at 547).

Taking all claims in Papa's petition as true, Papa has not pled enough facts to meet this lowered standard. Specifically, Papa has not articulated any facts that connect Clardy's alleged preferential treatment with her adverse employment action. While Papa argues her termination was shrouded in a "pretextual" guise, Papa does not explain how or why her termination was pretextual, what the pretextual reason was, or whether there are any comparators who exhibited similar behavior and suffered a less drastic fate. Instead, she submits a single conclusory statement and a dearth of facts that prevent this Court from drawing any plausible inference that Capital One is liable for discrimination. To this end, Papa has not provided any basis from which to infer that non-white employees similarly situated to Papa were subject to more favorable treatment. Though her petition attempts to allege non-white "comparators," Papa does not explain who these comparators were, what roles they served at Capital One, or how their behavior compared with Papa's. The blanket allegation of disparate treatment related to a vague group of Black employees cannot "nudge" Papa's "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 547.

Nevertheless, in Papa's opposition, she requested "leave to amend" to the extent the Court deems her complaint deficient. Record Document 5 at 14. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. It states in pertinent part that "[t]he Court should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2). This standard "evinces a bias in favor of granting leave to amend," instead of dismissing a plaintiff's claims outright. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir.1981). Though Papa did not voluntarily submit an amended complaint within the 21 days permitted under Rule 15 after Capital One filed its 12(b)(6)

motion, the Court will grant leave and allow Papa the opportunity to address the deficiencies in her disparate treatment claim with an amended pleading.

### B. Retaliation Claim

Next, Papa brings a Title VII retaliation claim against Capital One. Along with disparate treatment, Title VII also precludes an employer from discriminating against his or her employees for opposing "unlawful employment practice[s]." 42 U.S.C. § 2000e–3(a). To state a claim for retaliation, Papa must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. Jenkins v. City of San Antonio Fire Dep't, 784 F.3d 263, 269 (5th Cir. 2015).

Papa adequately pleads the first two elements—she (1) engaged in a protected activity when she twice complained to Capital One about the alleged racial discrimination; and (2) she suffered an adverse employment action when she lost her job. This leaves only element three at issue—whether her petition provides facts that explain how her discharge and protected activity are causally connected. To be sure, "'causation is difficult to prove' and calls for 'a highly fact specific' analysis." Eng. v. Perdue, 777 F. App'x 94, 98 (5th Cir. 2019) (quoting Nowlin v. Resol. Tr. Corp., 33 F.3d 498, 508 (5th Cir. 1994)). When engaging in this analysis, courts consider factors like an employee's disciplinary record, an employer's typical policies and procedures, and the "temporal relationship between the employee's conduct and discharge." Nowlin, 33 F.3d at 508.

Here, though hardly explicit, Papa's complaint seems to allege that causation can be inferred from the temporal proximity between her protected activity and her termination. For example, Papa alleges that she filed the discrimination complaints with

Capital One in February 2018, and again in April 2018. Record Document 1 at 4. A few paragraphs later, when referencing her discharge in January 2019, Papa claims she was fired "due to Defendant's . . . retaliation for her opposition to discrimination." Record Document 1 at 5.

In retaliation cases, a plaintiff may "satisfy the causal connection element by showing '[c]lose timing between an employee's protected activity and an adverse action against [her].'" Feist v. La., Dep't of Just., Off. of the Att'y Gen., 730 F.3d 450, 454 (5th Cir. 2013) (quoting McCoy v. City of Shreveport, 492 F.3d 551, 562 (5th Cir. 2007)). But "[t]he mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case." Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). Importantly, when relying on a temporal relationship alone, the proximity must be "very close." Clark Ctny. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).

In this case, an eight-month span between Papa's termination and her protected action is not "very close" timing. See Raggs v. Miss. Power & Light Co., 278 F.3d 463, 472 (5th Cir. 2002) (holding a five-month span between a protected act and an adverse action are not close enough in time to show causation in a retaliation action). And absent any other factual details, the Court is again left with a single conclusory statement regarding Papa's discharge that fails to elevate her claims beyond the speculative level. Record Document 1 at 5. Even so, like her disparate treatment claim, the Court will allow Papa the ability to address her retaliation claim deficiencies with an amended complaint in line with the instant Memorandum Ruling.

### C. Hostile Work Environment Claim

Finally, Papa claims Capital One subjected her to a hostile work environment. "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986). Principal to a hostile work environment claim is a plaintiff's allegation that an employer has created "a working environment heavily charged with discrimination." Raj, 714 F.3d at 330–31. Surviving a motion to dismiss therefore requires a plaintiff to plead facts that link the alleged harassment with his or her protected characteristic. See id.

Papa cites multiple incidents she claims demonstrate a hostile work environment. She describes one instance where Clardy told a group of workers they had an "RFB," or "resting b**** face." Record Document 1 at 4. Papa's petition then cites another occasion where Clardy described Papa as "trouble," when discussing Papa with another coworker. Id. And generally, Papa argues Clardy maintained a hostile work environment by criticizing Papa's work, using offensive Black racial epithets when speaking with Papa's Black coworkers, maintaining a closed-door policy with Papa, and prohibiting Papa from texting at work. Id.

Taking these claims as true and drawing all reasonable inferences in Papa's favor, the Court is unable to decipher how this alleged harassment related to Papa's race. In fact, except for Clardy's "trouble" remark, these slights were not singularly aimed at Papa. Rather, as Papa notes in her petition, Clardy directed this alleged abuse towards "other non-white associates" as well. Id. Even assuming Clardy's "trouble" remark was in any way a racial slight, Papa cannot rest her hostile work environment claim on a "single incident or offensive remark." Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348,

356–57 (5th Cir. 2013). In short, Papa is unable to articulate how the above cited incidents are linked to her race. Even if Clardy's remarks were rude and inappropriate, they do not constitute harassment under Title VII. Raj, 714 F.3d at 331. As with her other claims, however, the Court will allow Papa the chance to amend her hostile work environment claim with more facts and context consistent with this Court's holding.

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Capital One's Motion to Dismiss (Record Document 5) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Papa is granted leave of court and shall file an amended complaint by **April 11, 2022**, to cure the deficiencies identified herein.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of March, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT