UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHERRY PAPA                                 CIVIL ACTION NO. 21-1589

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

CAPITAL ONE NATIONAL ASSOCIATION     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Plaintiff Sherry Papa ("Papa"), a former employee of Capital One, National Association ("Capital One"), brings claims of discrimination against Capital One under Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law ("LEDL"). See Record Document 17. Papa claims she was discriminated against on the basis of her race, retaliated against for engaging in a protected activity, and subjected to a hostile work environment. See id. Capital One moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). See Record Document 18. Papa opposed the motion (Rec. Doc. 25), and Capital One filed a response (Rec. Doc. 26). For the following reasons, Capital One's Rule 12(b)(6) Motion to Dismiss Papa's First Amended Complaint is **GRANTED IN PART and DENIED IN PART**.

## FACTUAL AND PROCEDURAL BACKGROUND

Papa, a White woman, worked at a Capital One branch in north Louisiana. See Record Document 17 at 2. Angela Clardy ("Clardy") was a manager at the branch and served as Papa's direct supervisor. See id. During Papa's employment, she alleges that Clardy, a Black woman, subjected her to persistent abuse and treated her less favorably than other Capital One employees, many of whom were non-White. See id. at 3. Papa's petition also alleges that Clardy used racially derogatory language in public and directed

1

offensive comments toward Papa and her co-workers. See id. at 3−4. For months, the abusive environment Clardy allegedly created caused Papa to feel "stressed and uneasy about going to work." See id. at 4.

In response to Clardy's alleged mistreatment, Papa filed a complaint with Capital One's human resources department in February 2018. See id. at 5. After Papa filed the complaint, she alleges that Capital One took no steps to investigate Clardy's misconduct. See id. Unsatisfied with the inaction, Papa complained again two months later in April 2018. See id. In the First Amended Complaint, Papa alleges for the first time that after complaining about this inaction, "[w]ithin less than two months following her complaints of discrimination, on or about June of 2018," Clardy transferred Papa to a different branch in the northern part of Caddo Parish. See id. at 6. Shortly thereafter, Clardy called Papa into her office, gave her a journal, "and asked [Papa] to write down things in it that bothered her and to give it to [Clardy] when she believed she was being discriminated against." See id. at 7. In January 2019, Papa was fired for reasons that she believes were pretextual and untrue. See id. Papa timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter. See Record Document 1-2 at 1. Papa then filed the complaint in this action and alleged violations of Title VII and the LEDL. See Record Document 1 at 5.

Capital One submitted a motion to dismiss arguing that Papa was unable to state Title VII claims upon which relief can be granted. See Record Document 5. This Court denied the motion to dismiss, but ordered Papa to amend her complaint to fix apparent deficiencies in the pleadings. See Record Documents 15 & 16. Papa subsequently amended her complaint. See Record Document 17. Capital One then submitted a second

motion to dismiss, arguing that the amended complaint is substantially similar to the original complaint and Papa again failed to state a claim upon which relief can be granted. See Record Document 18.

**LAW AND ANALYSIS**

   **I.   Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff

3

has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

**II.     Analysis**

In its current motion to dismiss, Capital One asserts that Papa's First Amended Complaint fails to fix the pleading issues that this Court pointed out in its previous Memorandum Ruling, and thus all of Papa's claims should be dismissed with prejudice. See Record Documents 15 & 18. As noted above, Papa brings state law claims under the LEDL and federal law claims under Title VII. The Court will analyze all of Papa's employment discrimination claims under the same standard. See Turner v. Kan. City S. Ry. Co., 675 F.3d 887, 891 n.2 (5th Cir. 2012).

As an initial consideration, Papa's argument that she is being held to a heightened pleading standard at this stage of litigation is misplaced. See Record Document 25 at 4. As the Fifth Circuit has stated, "although plaintiffs do not 'have to submit evidence to establish a *prima facie* case of discrimination at this stage, [they must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible.'" Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 766 (5th Cir. 2019) (quoting Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 470 (5th Cir. 2016)). Thus, Capital

4

One is correct in arguing that Papa must at least plead sufficient facts on each element of a *prima facie* case of disparate treatment, hostile work environment, and retaliation to survive a motion to dismiss on each claim.

### a. New June 2018 Retaliation Claim

Capital One asserts in its motion that the only new material allegation in Papa's Amended Complaint concerns an allegedly retaliatory transfer in June of 2018. See Record Document 18-1 at 9; Record Document 17 at 6. Capital One correctly points out that Papa's EEOC Charge does not mention this transfer. See Record Document 18 (Ex. A). This Court agrees with Capital One that the retaliation claim based on the June 2018 transfer is an entirely new claim, outside the scope of the EEOC Charge. "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008). Even construing the EEOC Charge broadly, as this Court is required to do, there is no indication that the Charge covers an allegedly retaliatory transfer before Papa's termination. See id.; Record Document 18 (Ex. A). Thus, the June 2018 retaliation claim has not been administratively exhausted and should be dismissed.

This Court further agrees with Capital One that the unexhausted June 2018 retaliation claim is time-barred. Under 42 U.S.C. § 2000e-5(e), a charge must be filed, at the latest, within 300 days of the alleged unlawful employment practice. See 42 U.S.C.A. § 2000e-5. The allegedly retaliatory transfer occurred around June of 2018, so Papa had until around April of 2019 to file this charge with the EEOC. See Record Document 17 at 6. Because the original EEOC Charge failed to include the transfer claim, and Papa has

not filed an additional charge asserting the transfer claim, the 300-day limitations period for her claim has passed. The June 2018 retaliatory transfer claim is thus untimely and should be dismissed with prejudice. Thus, Capital One's motion is **GRANTED** with respect to this claim.

### b. Disparate Treatment Claim

Papa claims that she suffered disparate treatment while employed at Capital One. Title VII precludes employers from discriminating against "any individual" based on his or her "race, color, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss, Papa must plead two elements to state a disparate treatment claim: "(1) an adverse employment action, (2) taken against [her] because of her protected status." Cicalese, 924 F.3d at 767.

In the previous Memorandum Ruling, the Court noted that Papa had adequately identified an adverse employment action—her termination. See Record Document 15 at 4–5. This Court further stated, however, that "Papa has not articulated any facts that connect Clardy's alleged preferential treatment with her adverse employment action." Id. at 6. Thus, in the First Amended Complaint, Papa reformed her pleadings to name the similarly situated employees who she believes received better treatment from Clardy, in an attempt to show differential treatment on the basis of race. Alleging that an employer "treated similarly situated employees of other races . . . more favorably" is a recognized method of establishing causation in the employment discrimination context. Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013). "The 'similarly situated' prong requires a Title VII claimant to identify at least one coworker outside of his protected class who was treated more favorably 'under nearly identical circumstances.'" Alkhawaldeh v. Dow

6

Chem. Co., 851 F.3d 422, 426 (5th Cir. 2017) (quoting Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009)). On a motion to dismiss, the Fifth Circuit has instructed district courts to refrain from scrutinizing whether a plaintiff's fellow employees were "really" similarly situated. See Cicalese, 924 F.3d at 768.

As directed in the previous Memorandum Ruling, Papa amended her complaint to state who the comparators were, what roles they served at Capital One, and how their behavior compared with Papa's. See Record Document 15 at 6; Record Document 25 at 6. For example, in the First Amended Complaint, Papa states "Ms. Clardy rushed Plaintiff to perform work and was given demeaning assignments, but Chris, Katherine, Chastity and Daphne were given desirable job assignments, could take several hours to assist a customer without reprimand and were allowed to correct several errors without reprimand." Record Document 17 at 3. Thus, by alleging that specific non-White employees received more favorable treatment and were not terminated, Papa "nudge[s] [her] claims across the line from conceivable to plausible." Cicalese, 924 F.3d at 768 (quoting Twombly, 550 U.S. at 547). This Court finds that Papa has sufficiently plead facts to survive the motion to dismiss with respect to the disparate treatment claim, and thus Capital One's motion to dismiss is **DENIED** with respect to this claim.

   c. **Hostile Work Environment Claim**

Papa also claims Capital One subjected her to a hostile work environment. "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986). A key aspect of a hostile work environment claim is a plaintiff's allegation that an employer has created "a working environment heavily charged with discrimination." Raj,

714 F.3d at 330–31. Surviving a motion to dismiss therefore requires a plaintiff to plead facts that link the alleged harassment with his or her protected characteristic. See id.

In the First Amended Complaint, Papa re-cites multiple incidents she claims demonstrate a hostile work environment, such as Clardy's comments on "RBF" or "Resting Bitch Face." See Record Document 17 at 4. As this Court noted in its prior Memorandum Ruling, "except for Clardy's 'trouble' remark, these slights were not singularly aimed at Papa. Rather, as Papa notes in her petition, Clardy directed this alleged abuse towards 'other non-white associates' as well." Record Document 15 at 9. Assuming Clardy's "trouble" remark was in any way a racial slight, Papa cannot rest her hostile work environment claim on a "single incident or offensive remark." Mack v. John L. Wortham & Son, L.P., 541 F. App'x 348, 356–57 (5th Cir. 2013). Even if Clardy's remarks were rude and inappropriate, they do not constitute harassment under Title VII. See Raj, 714 F.3d at 331.

However, in her Amended Complaint, Papa asserts that Clardy used "racially derogatory epitaphs [sic] frequently in the public setting." Record Document 17 at 3. Papa additionally states that Clardy "made various verbal derogatory comments," which "included referring to whites with the use of racial slurs." Id. at 4. Although Capital One correctly points out that these statements are not specific as to which racial slurs were used, this Court finds that the statements sufficiently link the allegedly hostile treatment of Papa to her race. Thus, Papa has adequately plead a hostile work environment claim to survive the motion to dismiss. Capital One's motion must be **DENIED** with respect to this claim.

### d. Original Retaliation Claim

Papa also brings a Title VII retaliation claim against Capital One. Along with disparate treatment, Title VII also precludes an employer from discriminating against his or her employees for opposing "unlawful employment practice[s]." 42 U.S.C. § 2000e–3(a). To state a claim for retaliation, Papa must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. See Jenkins v. City of San Antonio Fire Dep't, 784 F.3d 263, 269 (5th Cir. 2015).

As noted in the prior Memorandum Ruling, Papa adequately pleads the first two elements: (1) she engaged in a protected activity when she twice complained to Capital One about the alleged racial discrimination; and (2) she suffered an adverse employment action when she lost her job. See Record Document 15 at 5, 7. This Court advised Papa, however, that the third element—causation—was insufficiently plead. In other words, Papa needed to plead facts that explain how her discharge and protected activity are causally connected. To be sure, "'causation is difficult to prove' and calls for 'a highly fact specific' analysis." Eng. v. Perdue, 777 F. App'x 94, 98 (5th Cir. 2019) (quoting Nowlin v. Resol. Tr. Corp., 33 F.3d 498, 508 (5th Cir. 1994)). When engaging in this analysis, courts consider factors like an employee's disciplinary record, an employer's typical policies and procedures, and the "temporal relationship between the employee's conduct and discharge." Nowlin, 33 F.3d at 508.

In the First Amended Complaint, Papa again fails to provide a reason for her termination; in fact, she states that she "was given no reason for the termination of her employment." Record Document 17 at 7. Papa instead seems to allege that causation

9

can be inferred from the temporal proximity between her protected activity and her termination. As noted in this Court's prior Memorandum Ruling, the temporal proximity between Papa's protected conduct and the termination is too attenuated to sufficiently plead causation in the retaliation claim. See Record Document 15 at 7–8; Clark Ctny. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (holding that, when relying on temporal proximity alone to establish causation, the timing must be "very close"); Raggs v. Miss. Power & Light Co., 278 F.3d 463, 472 (5th Cir. 2002) (holding a five-month span between a protected act and an adverse action are not close enough in time to show causation in a retaliation action). Much like in Papa's original Complaint, the First Amended Complaint leaves this Court with only a conclusory statement regarding her termination, without providing sufficient facts to demonstrate a causal connection. Thus, this retaliation claim must be dismissed for failure to state a claim upon which relief can be granted, and Capital one's motion is **GRANTED** with respect to this claim.

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Capital One's Motion to Dismiss (Rec. Doc. 18) is **GRANTED IN PART and DENIED IN PART**. The motion is **DENIED** with respect to Papa's disparate treatment and hostile work environment claims. The motion is granted with respect to Papa's retaliation claims and thus those claims against Capital One are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of October, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT